UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EDDIE LEE DUNCAN, JR.** | **CIVIL ACTION NO. 21-233-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JULIAN C. WHITTINGTON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT & RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Eddie Lee Duncan, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 28, 2021. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. Plaintiff names Julian C. Whittington, Rodney Bowyer, Jason Porter, the Bossier Parish Sheriff's Department and the Bossier Maximum Correctional Facility as defendants.

Plaintiff claims that since his arrest on November 26, 2020, the Bossier Maximum Facility's staff members have shown gross negligence and deliberate indifference by refusing to implement the government mandated 14-day Covid 19 quarantine procedure. He claims staff members have knowingly and willingly integrated potential Covid 19 carriers

into the I-Pod after processing. Plaintiff claims that as a result of the actions of staff members, he contracted Covid 19.

Plaintiff claims that on December 26, 2020 tests were administered to the inmate population and on December 30, 2020 he received his positive diagnosis from the medical staff. He claims he was immediately relocated for dual isolation with another positive inmate. He claims staff members never considered the possibility that he and the other inmate may have had different strands of the virus and whether dual isolation may cause further complications.

Plaintiff claims physical, psychological, and emotional complications have resulted from the harsh and uncomfortable conditions. He claims he has received no medical treatment. He claims he has been refused adequate resources including vitamins and treatments that would help to promote a full and healthy recovery process.

Plaintiff claims he has intense night sweats, a cough, abdominal and chest pains, shortness of breath while sleeping, and a host of other symptoms. He claims he has not received a prognosis for his condition.

Accordingly, Plaintiff seeks monetary damages and any other relief required by law.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits that he is still involved in the ARP process and is awaiting the final outcome [Doc. 1, p.2].

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 11th day of February, 2021.



Mark L. Hornsby
U.S. Magistrate Judge